**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **ANGELA MARIE HASTINGS and PETER JOHN HASTINGS,** | **REPORT AND RECOMMENDATION** |
| **Plaintiffs,** | |
| **v.** | **Case No. 2:08-cv-235-DAK-PMW** |
| **ALAN B. SEVISON, Assistant Attorney General for the State of Utah; NICOLE CRADDOCK, Caseworker for the Utah Division of Child and Family Services; AMERICAN FORK HOSPITAL; and AMERICAN FORK POLICE DEPARTMENT,** | |
| | **District Judge Dale A. Kimball** |
| **Defendants.** | **Magistrate Judge Paul M. Warner** |

This case has been referred to Magistrate Judge Paul M. Warner by District Judge Dale A. Kimball pursuant to 28 U.S.C. § 636(b)(1)(B).[1] The specific matter before the court is a motion filed by Angela Marie Hastings ("Mrs. Hastings") and Peter John Hastings ("Mr. Hastings") (collectively, "Plaintiffs") for appointment of counsel.[2]

At the outset, the court notes that Plaintiffs have been permitted to proceed in forma pauperis in this case under 28 U.S.C. § 1915 (the "in forma pauperis statute")[3] and are also

---

[1] *See* docket no. 5.

[2] *See* docket no. 4.

[3] *See* docket no. 2.

proceeding pro se.  Because Plaintiffs are proceeding pro se, the court will construe their

pleadings and other submissions liberally.  *See, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183,

1187 (10th Cir. 2003).

<u>**BACKGROUND**</u>

Plaintiffs' complaint, which indicates that this case is being brought pursuant to 42

U.S.C. § 1983 and § 1985, names the following parties as defendants:  Alan B. Sevison ("Mr.

Sevison"), Assistant Attorney General for the State of Utah; Nicole Craddock ("Ms. Craddock"),

caseworker for the Utah Division of Child and Family Services ("DCFS"); American Fork

Hospital ("AFH"); and American Fork Police Department ("AFPD") (collectively,

"Defendants").

As to Mr. Sevison, Plaintiffs allege only that he was acting under the authority or color of

state law when he filed "[f]alse information" against Mrs. Hastings and violated the Health

Insurance Portability and Accountability Act ("HIPAA").[4]  Plaintiffs do not indicate the

substance of the alleged filing, nor do they indicate in which entity (i.e., court, agency, etc.) the

filing was made.

Concerning Ms. Craddock, Plaintiffs allege that she was likewise acting under the

authority or color of state law.  Plaintiffs assert that Ms. Craddock filed a petition for protective

supervision of Plaintiffs' children that was "based on false information."[5]  Plaintiffs also allege

---

[4] Docket no. 3. at 2.

[5] *Id*.

2

that Ms. Craddock violated HIPAA by obtaining information without a subpoena, which she

allegedly did only after Plaintiffs "tried to bring a lawsuit against [AFH]."[6]

 With respect to AFH, Plaintiffs admit that AFH was not acting under the authority or

color of state law.[7]  Plaintiffs assert that AFH disclosed information about Plaintiffs to DCFS

without Plaintiffs' permission "after a sexual assault occur[r]ed" involving Mr. Hastings.[8]

Plaintiffs also allege that they "did not take the money [AFH] offered" them, but they fail to

indicate how that alleged offer is related to their claims in this case.[9]

 In the allegations relating to AFPD, Plaintiffs assert that it is for the "jury to decide"

whether AFPD was acting under the authority or color of state law.[10]  Plaintiffs allege that AFPD

"refused to send [Mrs. Hastings] to the hospital when [she] needed care" and "wrongfully

imprisoned" her.[11]  Plaintiffs also allege that AFPD is responsible for taking their son from them,

but they fail to indicate how AFPD was involved in that alleged incident.[12]

---

[6] *Id.*

[7] *See id.* at 3.

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] *See id.*

Based on those allegations, Plaintiffs assert that they are bringing causes of action for HIPAA violations, "slander," "pain & suffering," and "wrongful imprisonment."[13]  Rather than providing supporting factual allegations for each of those causes of action, Plaintiffs simply state: "[We] will [provide supporting factual allegations] in court with an appointed attorney.  Since we are not lawyers[, we are] not aware of what we can and cannot use.  We need to be appointed an attorney[.  M]y husband[ is] on disability[, and] we don't work[.]"[14]

In the portion of Plaintiffs' complaint entitled, "NATURE OF CASE," Plaintiffs state only that "[t]he F.B.I. says our HIP[A]A [r]ights may have been violated."[15]  Later, in the portion of their complaint entitled, "INJURY," Plaintiffs state:  "[Our] son was taken away, [our] character has been assaulted, [and we] were taken to jail.  All personal records of [Mr. Hastings] and [our] child have been used against us.  We have been falsely accused.  We hav[e] pending criminal charges, and [Defendants have] wreck[ed] our family name."[16]  Finally, Plaintiffs have left blank the portion of their complaint entitled, "REQUEST FOR RELIEF."[17]

---

[13]  *Id*. at 4.

[14]  *Id*.

[15]  *Id*.

[16]  *Id*. at 5.

[17]  *Id*. at 6–7.

4

## ANALYSIS

First, the court will address Plaintiffs' motion for appointment of counsel.  Second, because Plaintiffs are proceeding in forma pauperis, the court will address the sufficiency of their complaint under the authority of the forma pauperis statute.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### I.  Motion for Appointment of Counsel

On the same date their complaint was filed, Plaintiffs also filed a motion for appointment of counsel.  In addition, Plaintiffs have indicated in their complaint that they "need to be appointed an attorney."[18]

"The appointment of counsel in a civil case is left to the sound discretion of the district court."  *Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994).  Although "[t]here is no constitutional right to appointed counsel in a civil case," *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1988) (per curiam), the court may appoint an attorney to represent a litigant who is unable to afford counsel.  *See* 28 U.S.C. § 1915(e)(1).  When deciding whether to appoint counsel, the court must consider certain factors, "including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."  *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quotations and citations omitted).

The court turns to considering those factors in this case.  First, the merits of Plaintiffs' claims will be addressed in the next section of this report and recommendation.  In that section,

---

[18]  *Id*. at 4.

5

the court has concluded that Plaintiffs' complaint fails to state any claims upon which relief can

be granted.  Second, concerning Plaintiffs' ability to present their claims, there is no indication

that they are incapacitated or unable to pursue this case adequately.  Finally, with respect to the

complexity of this case, the court has determined that the factual and legal issues raised by

Plaintiffs' complaint do not appear to be complicated or difficult to explain.  Further, at this stage

of Plaintiffs' case, the court is concerned only with the sufficiency of Plaintiffs' allegations, and

the court does not believe that appointed counsel would materially assist Plaintiffs in describing

the facts surrounding their alleged injuries.  *See, e.g.*, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th

Cir. 1991) (stating that "a pro se plaintiff requires no special legal training to recount the facts

surrounding his alleged injury").  For these reasons, Plaintiffs' motion for appointment of

counsel should be denied.

### II.  Review of Plaintiffs' Complaint Under the In Forma Pauperis Statute

Whenever the court authorizes a party to proceed without the prepayment of fees under

the in forma pauperis statute, the court is required to "dismiss the case at any time if the court

determines that . . . the action . . . fails to state a claim on which relief may be granted."  28

U.S.C. § 1915(e)(2)(B)(ii).  In determining whether a complaint fails to state a claim for relief

under the in forma pauperis statute, the court employs the same standard used for analyzing

motions to dismiss for failure to state a claim under rule 12(b)(6) of the Federal Rules of Civil

Procedure.  *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).  Under that standard, the

court "look[s] for plausibility in th[e] complaint."  *Id*. at 1218 (quotations and citations omitted)

(second alteration in original).  More specifically, the court "look[s] to the specific allegations in

6

the complaint to determine whether they plausibly support a legal claim for relief.  Rather than

adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough

to raise a right to relief above the speculative level.'"  *Id.* (quoting *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 555-556 (2007)) (other quotations and citation omitted) (second and third

alterations in original).

      In undertaking that analysis, the court is mindful that Plaintiffs are proceeding pro se and

that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent

standard than formal pleadings drafted by lawyers."  *Bellmon*, 935 F.2d at 1110; *see also, e.g.*,

*Ledbetter*, 318 F.3d at 1187.  At the same time, however, it is not "the proper function of the

district court to assume the role of advocate for the pro se litigant," and "conclusory allegations

without supporting factual averments are insufficient to state a claim on which relief can be

based."  *Bellmon*, 935 F.2d at 1110.  More specifically,

> [t]he broad reading of [a pro se] plaintiff's complaint does not
> relieve the plaintiff of the burden of alleging sufficient facts on
> which a recognized legal claim could be based. . . . This is so
> because a pro se plaintiff requires no special legal training to
> recount the facts surrounding his alleged injury, and he must
> provide such facts if the court is to determine whether he makes
> out a claim on which relief can be granted.  Moreover, in analyzing
> the sufficiency of the plaintiff's complaint, the court need accept as
> true only the plaintiff's well-pleaded factual contentions, not his
> conclusory allegations.

*Id.* (citations omitted).

With those principles in mind, the court turns to analyzing Plaintiffs' claims in this case. The following discussion provides several alternative reasons supporting the court's final conclusion and recommendation with respect to Plaintiffs' complaint.

### A.  All Claims Against All Defendants

The court has recognized its duty to construe Plaintiffs' complaint liberally.  *See, e.g.*, *Ledbetter*, 318 F.3d at 1187; *Bellmon*, 935 F.2d at 1110.  However, in recounting the background of this case above, the court set forth the sum total of the allegations contained in Plaintiffs' complaint.  Even if the court construes those allegations liberally, the court has determined that they fall well short of stating claims upon which relief can be based.  Indeed, a review of the complaint reveals that nearly all of Plaintiffs' allegations are conclusory statements and that Plaintiffs have failed to provide the court with any well-pleaded factual contentions to describe the facts surrounding their alleged injuries.  *See Bellmon*, 935 F.2d at 1110.  As a result, the court concludes that Plaintiffs' complaint, in its entirety, fails to state any claims upon which relief can be granted.

### B.  § 1985 Claims Against All Defendants

Although Plaintiffs have indicated that they are bringing claims against all Defendants under § 1985, they fail to include several of the allegations required to state § 1985 claims.  First, Plaintiffs' complaint does not allege any overt act taken in furtherance of a conspiracy.  *See Murray v. City of Sapulpa*, 45 F.3d 1417, 1423 (10th Cir. 1995) (stating that to succeed with a § 1985(3) claim, a plaintiff must include an allegation of "an overt act in furtherance of the object of the conspiracy").  Indeed, Plaintiffs' complaint does not even mention a conspiracy.

Second, Plaintiffs' complaint does not allege that there was a conspiracy driven or motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *see also Bisbee v. Bey*, 39 F.3d 1096, 1102 (10th Cir. 1994) ("A violation of section 1985 must include class-based or racially discriminatory animus. In the absence of allegations of class[-]based or racial discriminatory animus, the complaint fails to state a claim under [section] 1985." (quotations and citations omitted)). For these reasons, Plaintiffs' § 1985 claims fail.

### C.  Claims Against Mr. Sevison and Ms. Craddock

Plaintiffs allege that Mr. Sevison, an Assistant Attorney General for the State of Utah, was acting under the authority or color of state law when he filed "[f]alse information" against Mrs. Hastings and violated HIPAA.[19]  Plaintiffs further allege that Ms. Craddock, a caseworker for DCFS, was acting under the authority or color of state law when she filed a petition for protective supervision of Plaintiffs' children that was "based on false information" and violated HIPAA by obtaining information without a subpoena.[20]  For the following reasons, the court has concluded that Plaintiffs have failed to state claims upon which relief can be granted against either Mr. Sevision or Ms. Craddock.

First, because Plaintiffs' claims against Mr. Sevison and Ms. Craddock relate exclusively to conduct undertaken in their official capacities, the court lacks subject matter jurisdiction over

---

[19]  *Id*. at 2.

[20]  *Id*.

those claims because they are barred by the Eleventh Amendment.  "With certain limited exceptions, the Eleventh Amendment prohibits a citizen from filing suit against a state in federal court.  To assert Eleventh Amendment immunity, a defendant must qualify as a state or an 'arm' of a state."  *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002) (citations omitted).  When claims are asserted against a state official in his or her "'official capacity,' [the state official] may also assert Eleventh Amendment immunity as an 'arm' of the state."  *Id*. (citation omitted).  With respect to the limited exceptions noted above, the Tenth Circuit has "recognized two primary circumstances in which a citizen may sue a state without offending Eleventh Amendment immunity.  Congress may abrogate a state's Eleventh Amendment immunity.  A state may also waive its Eleventh Amendment immunity and consent to be sued."  *Id*. at 1181 (citations omitted).

Because Mr. Sevison and Ms. Craddock both qualify as state officials, they are entitled to assert Eleventh Amendment immunity from Plaintiffs' claims.  In addition, neither exception to the application of Eleventh Amendment immunity applies in this case.  The first exception does not apply because Congress did not abrogate the states' Eleventh Amendment immunity when it enacted § 1983 and § 1985.  *See, e.g.*, *Quern v. Jordan*, 440 U.S. 332, 345 (1979); *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1196 (10th Cir. 1998).  The second exception is likewise inapplicable because there is no indication that Utah, the Attorney General for the State of Utah, Mr. Sevison, DCFS, or Ms. Craddock waived Eleventh Amendment immunity.  *See* Utah Code § 63G-7-501(1) (2008) (providing that Utah state district courts have exclusive, original jurisdiction over any actions brought under the Governmental Immunity Act of Utah); *Sutton v.*

10

*Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1233 (10th Cir. 1999) ("We have previously held that Utah has not waived its Eleventh Amendment immunity by statute.").

Second, and again because Plaintiffs' claims against Mr. Sevison and Ms. Craddock relate exclusively to conduct undertaken in their official capacities, Plaintiffs fail to state claims against those two individuals under either § 1983 or § 1985.  The United States Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983."  *Will v. Mich Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also* 42 U.S.C. § 1983 (providing that it applies to"[e]very person" in violation of its provisions).  That holding applies equally to § 1985.  *See, e.g.*, *Austin v. State Indus. Ins. Sys.*, 939 F.2d 676, 678 (9th Cir. 1991); *Owens v. Haas*, 601 F.2d 1242, 1247 (2d Cir. 1979); *Santiago v. New York Dep't of Corr. Servs.*, 725 F. Supp. 780, 783 (S.D.N.Y. 1989), *rev'd on other grounds*, 945 F.2d 25 (2d Cir. 1991); *Weathers v. West Yuma County Sch. Dist. R-J-1*, 387 F. Supp. 552, 555-56 (D. Colo. 1974), *aff'd*, 530 F.2d 1335 (10th Cir. 1976); *see also* 42 U.S.C. § 1985 (providing that it applies to "two or more persons" in violation of its provisions).

Third, Plaintiffs claims for HIPAA violations fail as a matter of law because there is no private right of action for HIPAA violations.  *See, e.g.*, *Acara v. Banks*, 470 F.3d 569, 570-72 (5th Cir. 2006) (per curiam) (holding that there is no private right of action under HIPAA); *Univ. of Colo. Hosp. Auth. v. Denver Publ'g Co.*, 340 F. Supp. 2d 1142, 1143-46 (D. Colo. 2004) (same).

For these reasons, Plaintiffs' complaint fails to state claims upon which relief can be granted against Mr. Sevison and Ms. Craddock.

11

### D.  § 1983 Claims Against AFH

For their claims against AFH, Plaintiffs' complaint specifically indicates that the conduct attributable to AFH was not undertaken under the authority or color of state law.

> To state a claim for relief in an action brought under § 1983, [the plaintiffs] must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. . . . [T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.

*Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999) (quotations and citations omitted). Because Plaintiffs have admitted that the conduct attributable to AFH was not undertaken under the authority or color of state law, their § 1983 claims against AFH must fail.

For all of the foregoing reasons, the court has determined that Plaintiffs' complaint fails to state any claims upon which relief can be granted.  Accordingly, the court concludes that Plaintiffs' complaint should be dismissed, in its entirety, pursuant to the in forma pauperis statute.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### CONCLUSION AND RECOMMENDATION

In summary, **IT IS HEREBY RECOMMENDED:**

1.      Plaintiffs' motion for appointment of counsel[21] be **DENIED**.

---

[21]  *See* docket no. 4.

12

2.      Plaintiffs' complaint be **DISMISSED**, in its entirety, pursuant to the in forma

pauperis statute for failure to state any claims upon which relief can be granted.

*See* 28 U.S.C. § 1915(e)(2)(B)(ii).

\* \* \* \* \*

Copies of this Report and Recommendation are being sent to all parties, who are hereby

notified of their right to object. *See id.* § 636(b)(1)(C).  The parties must file any objection to

this Report and Recommendation within ten (10) days after receiving it. *See id.*  Failure to object

may constitute waiver of objections upon subsequent review.

DATED this 4th day of March, 2009.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

13